PHILIP SCHLESSEL and Another, Plaintiffs, *v.* MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant.

Municipal Court of City of New York, Borough of Manhattan, Third District, November 26, 1927.

Insurance — burglary insurance — action for conceded loss under mercantile open stock burglary policy — policy relieved insurer of liability unless burglary was occasioned by entry " through outer doors "— plaintiffs occupied rear part of premises, access to which was through public hall into which elevator doors and stairway doors opened — door through which burglars entered was door leading from public hall into premises — defendant liable — location of burglar alarm system did not invalidate policy.

This is an action to recover for a conceded burglary loss under defendant's mercantile open stock burglary policy providing that defendant would not be liable unless the burglary was occasioned by an entry " through outer doors    *    *    * by actual force and violence of which force and violence there shall be visible marks made upon the premises at the place of such entry." Plaintiffs occupied the rear part of the assured's premises, access to which was through a public hall into which the elevator doors and stairways opened.

The fact that the door through which the burglars entered was the door leading from the public hall into plaintiffs' premises does not relieve the insurer from liability upon the theory that under an indorsement to the policy the felonious entry was required to be made through the outer doors of the entire loft and not through the outer door of assured's premises.

An ordinary construction of the policy is that the assured believed the defendant was granting it protection in its premises and in view of that it should not be held that there must be a forcible entrance constituting a burglary into the entire loft, and, in addition, visible marks of entrance on the door leading into assured's own premises.

It further appears that a schedule attached to the policy provided that a burglar alarm system was maintained but that it did not protect all windows and doors.

At the time of the burglary the system was in operation but was not attached to the door through which the burglary was made but was attached to the stairway and/or elevator doors. Since prior to the issuance of the policy defendant's representatives inspected the premises and knew exactly the location of the system, the obligation of plaintiff under the policy was only to keep the system in the same position and condition as it was when the policy was issued so that if the position of the system in the premises did not comply with the policy, that cannot now relieve defendant of liability.

ACTION on policy of burglary insurance.

*John Justin Conroy* [*Sidney Wedeen* of counsel], for the plaintiffs.

*John H. Scully* [*John S. Leonard* of counsel], for the defendant.

GENUNG, J. The plaintiffs (doing business as the New York Dress and Costume Company) sue to recover for loss of merchandise at premises 14 West Seventeenth street, New York city, it being claimed that the loss was covered by the defendant's mercantile open stock burglary policy.

The defendant's answer consisted of a general denial, and as a separate defense the defendant claims that the alleged burglary did not occur through a felonious entry of the outer doors, etc., of the loft known as the second floor.

The plaintiffs did not occupy the premises in question but delivered merchandise to the Leah Dress Company for manufacture. The plaintiffs' place of business, according to the policy, was at 242 West Thirty-sixth street, Manhattan, while the premises insured, according to the policy, were in 14–16 West Seventeenth street, Manhattan.

It is not disputed that there was a loss through a burglary, and it is not disputed that the amount of the loss was $425.26, the only question being whether or not the burglary was of the kind and character insured against.

The schedule, which is a part of the policy, provides among other things:

" Item 2

" a) Location of building containing the premises is 14–16 West 17th Street, New York, New York, New York.

" b) The portion of the building occupied by the assured in conducting his business (excluding show cases and show windows not opening directly into the interior of the premises, and excluding public entrances, halls and stairways) and herein called ' the premises,' is second floor rear."

By an indorsement on the policy issued on the same date as the policy, it is provided: " It is distinctly understood and agreed that if a burglary occurs during the life of this policy, it must be occasioned by any person or persons who shall have made felonious

entry when the premises are not open for business, through the outer doors, transoms, windows or walls of the loft known as the second floor of the building at No. 14–16 West 17th Street, Borough of Manhattan, New York, by actual force and violence of which force and violence there shall be visible marks made upon the premises at the place of such entry, by tools, explosives, electricity or chemicals."

It appears that the plaintiffs occupied, as the policy says, the rear part of the second floor of the Seventeenth street building. Access to the assured premises was through a public hall into which the elevator doors and stairway doors opened and the door through which the burglars entered was the door leading from such public hall into the premises of the assured.

No claim is made that there were not the requisite visible marks of entry, but it is claimed that because neither the elevator doors nor the stairway door were forced, the defendant is not liable, the defendant's contention being that under the indorsement to the policy the felonious entry was required to be made through the outer doors of the entire loft and not through the outer door of the assured's premises.

The defendant's contention is erroneous. The "premises," as provided for by the policy, subdivision b of item 2, is "second floor rear." It is true that the indorsement provides that the felonious entry must be made through the "outer doors    *    *    * of the loft known as the second floor," but it goes further and says that the visible marks must be made upon "the premises" at the place of such entry, so that according to the defendant's contention if there was a physical forcing of the outer door of the loft, that is, either the stairway or elevator doors, but there was no physical mark of entry on the door leading directly to the plaintiffs' premises, the defendant would not be liable.

That, on an ordinary construction of the policy, seems to be too fine a distinction to draw. What the assured desired and what it was justified in believing the defendant was granting it, was protection in its premises and it certainly should not be held that there must be a forcible entrance constituting a burglary into the entire loft and that in addition thereto there must be visible marks of an entrance caused by burglars on the door leading into the assured's own premises.

While not pleaded, the defendant upon the trial raised a further question with respect to the location of the burglar alarm system. The schedule attached to the policy provides that a burglar alarm system is maintained, but it also provides that it does not protect all the windows, doors, etc. Prior to the issuance of the policy,

the representatives of the defendant visited the premises and inspected them. The burglar alarm system at the time of the burglary was in the same position as at the time of the inspection by the defendant's representatives, but the defendant now claims that the statement contained in the schedule is untrue because the burglar alarm system was not attached to the door through which the burglary was made but was attached to the stairway and/or elevator doors.

Of course, the defendant, having examined the premises prior to the issuance of the policy, knew exactly the location of this burglar alarm system and the obligation of the assured under the policy is only to keep that system in the same position and condition as it was when the policy was issued. To hold otherwise would be to permit the defendant to ensnare the insured. (See *Wolf* v. *Ætna Accident & Liability Co.*, 183 App. Div. 409; affd., 228 N. Y. 524.)

There should, therefore, be judgment for the plaintiff.